THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OSCAR ELIBERTO SOLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12-cv-00785 |
| | § | |
| TUBE-TEC BENDING, LLC, dba | § | |
| TUBE-TEC BENDING, AND | § | |
| MICHAEL W. POWERS, | § | |
| INDIVIDUALLY, | § | |
| | § | |
| Defendants. | § | COLLECTIVE ACTION |

**PLAINTIFF'S RESPONSE TO DEENDANTS' MOTION FOR LEAVE TO FILE DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIM AND PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE MELINDA HARMON:

Plaintiff Oscar Eliberto Solis ("Solis") files this Response to Defendants' Motion for Leave to File Defendants' First Amended Answer and Counterclaim and Plaintiff's Opposed Motion for Leave to File Second Amended Complaint as follows:

SUMMARY OF THE ARGUMENT

1.  Solis filed the present collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b)(2013)(the "FLSA") because the Defendants failed to pay Solis and other employees overtime compensation for overtime hours worked. In response, the Defendants contend that Solis was an independent contractor.

2.  Additionally, the Defendants alleged a counterclaim against Solis contending that he abused equipment leading to expensive repairs and down time. The Defendants seek damages for the cost of repair and lost profits.

3. Now, the Defendants seek leave to amend their Answer and include a counterclaim for the recovery of attorneys' fees based on their contention that Solis' compensation complied with the FLSA's minimum wage requirements. Solis respectfully requests that the Court deny the Defendants' motion because Solis has not alleged a claim for unpaid minimum wages and further, his misclassification as an independent contractor resulted in a violation of the FLSA as a matter of law. As such, the Defendants' requested amendments would be futile.

4. Finally, Solis seeks leave to file his Second Amended Complaint to include a claim for retaliation based on the Defendants' continued harassment and groundless claims.

## APPLICABLE LEGAL STANDARDS

5. Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given "when justice so requires." However, leave to amend is not automatic. In The Matter Of Southmark Corporation, 88 F.3d 311, 314 (5th Cir. 1996).

6. A decision to grant leave to amend is within the discretion of the trial court. Southmark, 88 F.3d at 314. In deciding whether to grant such leave, courts may consider such factors as undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party and futility of amendment. Southmark, 88 F.3d at 314-315; Casey v. Federal Home Loan Mortgage

Association, No. H-11-3830, 2012 U.S. Dist. LEXIS 57316 at *26 (S.D. Tex. April 23, 2012).

7. Applied here, the Defendants' attempts to demonstrate their compliance with the FLSA are without merit. Consequently, any amendments based on such misplaced efforts would be futile.

8. In contrast, Solis seeks leave to file an amended complaint to include a claim for retaliation. Section 215(a)(3) of the FLSA states that it shall be unlawful for any person to retaliate because an employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter. 29 U.S.C. § 215(a)(3) (2012); Hagan v. Echostar Satellite, LLC, 529 F.3d 617, 624 (5th Cir. 2008).

9. More specifically, counterclaims filed against former employees can constitute retaliation under the FLSA. See Darveau v. Detecon, Incorporated, 515 F.3d 334, 343 (4th Cir. 2008). The assertion of groundless claims in litigation can constitute unlawful retaliation precisely because of the deterrent effect. Munroe v. Partsbase, Inc., No. 08-80431, 2009 U.S. Dist. LEXIS 15801 (S.D. Fla 2009). See also Saavedra v. Richard, No. H-10-0856, 2011 U.S. Dist. LEXIS 21334 at *51 (S.D. Tex. March 3, 2011). The Defendants' counterclaim meets the criteria for retaliation.

ARGUMENT AND ANALYSIS

A. Response to Defendants' Motion for Leave to Amend

10. It is undisputed that Solis was classified and

compensated as an independent contractor. Specifically, Solis was paid a flat rate of $400.00 a week regardless of the number of hours that he worked. See Exhibit "A," correspondence from Defendants' counsel, Christopher Cammack. However, Solis consistently worked more than forty (40) hours each workweek. See Exhibit "A." On its face, the Defendants' compensation scheme violates the FLSA.

11. In fact, the Defendants concede that Solis' timecards demonstrate that he worked forty-seven (47) hours during the "vast majority" of workweeks. Despite this admission, the Defendants contend that no FLSA violation occurred because Solis was paid an amount equal to the minimum wage and corresponding overtime compensation for forty-seven (47) hours every week plus an additional amount of $33.84. See Exhibit "A."

12. Based on this premise, the Defendants argue that Solis should dismiss his FLSA claim. Moreover, the Defendants seek leave to allege a counterclaim providing for the payment of their attorneys' fees because Solis failed to do so. Briefly put, the Defendants' argument fails for several reasons.[1]

### i. each workweek stands alone

13. As a preliminary matter, the Defendants' calculations are impermissibly based on the estimated average number of recorded

---

[1] The Defendants characterize Solis' claim as based on a violation of the FLSA's minimum wage requirements. However, Solis has alleged a claim for unpaid overtime compensation and, thus, limits his response to those allegations.

hours worked during the entirety of his employment without regard to any dispute concerning undocumented lunch periods. Contrary to the Defendants' suggestion, employers must total all hours worked by an employee each workweek. 29 C.F.R. § 778.103 (2012). More specifically, the FLSA takes a single workweek as its standard and does not permit averaging of hours worked. 29 C.F.R. § 778.104 (2012).

14. In other words, the Defendants' initial premise that Solis worked an average of forty-seven hours each workweek is impermissible.

### ii. Solis' regular rate of pay varied

15. Secondly, Solis' regular rate of pay varied each workweek. Where, as here, employees are paid a flat rate without regard to the number of hours worked, their regular rate of pay is determined by dividing the amount of compensation received by the number of hours worked each workweek. 29 C.F.R. § 778.112 (2012).

16. For example, assuming Solis worked forty-seven (47) hours in a particular workweek, his regular rate of pay that week would be $8.50 per hour considering his compensation of $400.00 a week. Likewise, if Solis worked fifty (50) hours in a workweek, his regular rate would be then be $8.00 per hour.

17. In addition, Solis was entitled to half-time pay for all hours worked in excess of forty (40) hours. 29 C.F.R. § 778.112 (2012). For example, if Solis worked forty-seven (47) hours

resulting in a regular rate of pay of $8.50 per hour, he would also be owed $4.25 per hour for each of the seven (7) overtime hours.

18.    As a result, the Defendants' failure to calculate Solis' regular rate of pay and corresponding overtime compensation on a weekly basis did not comply with the FLSA then or now.

### iii. artifical regular rates are unlawful

19.    Finally and most importantly, the Department of Labor expressly prohibits agreements providing that an employee receive the same total sum, comprising both straight time and overtime compensation, in all weeks without regard to the number of hours worked.  29 U.S.C. § 778.500 (2012).  Yet, that is precisely the basis of the Defendants' current argument.

20.    Here, the Defendants' argue that the amount paid to Solis each week represents both straight time and overtime compensation in an amount that is greater than the legally required minimum wage. Additionally, the Defendants contend that this compensation plan so clearly complies with the FLSA that Solis should dismiss his claims and that the failure to do so should give rise to their proposed counterclaim.

21.    At a minimum, the Defendants' premise is inaccurate.

### PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO AMEND

22.    To prevail on his retaliation claim, an employee must make a prima facie showing that: 1) he engaged in a protected activity under the FLSA; 2) he was subjected to an adverse employment action;

and 3) there was a causal link between his protected activity and the adverse action. Hagan, 529 F.3d at 624. The ultimate question, however, is whether the employer's action was taken because of the employee's protected activity. Hagan, 529 F.3d at 624.

23. Relying on comparable Title VII case law, courts have recognized that a counterclaim can constitute retaliation against a current or former employee under the anti-retaliation provision of the FLSA. Saavedra v. Richard, No. H-10-0856, 2011 U.S. Dist. LEXIS 21334 at *51.

24. As alleged in Plaintiff's Second Amended Complaint, Solis engaged in protected activity by filing suit to recover unpaid overtime compensation. (A copy of Plaintiff's Second Amended Complaint is attached hereto as Exhibit "B" for the Court's convenience). In response, the Defendants asserted a groundless counterclaim against Solis in retaliation for the lawsuit.

25. Moreover, the Defendants continue to harass Solis with the claims for payment of the Defendants' attorneys' fees. As shown above, the grounds for such claims are not based in law or fact.

26. As such, Solis requests that he be granted leave to file his Second Amended Complaint.

## CONCLUSION

27. The Defendants' failed to pay Solis in accordance with the FLSA's requirements during his employment. After Solis filed suit to collect his unpaid overtime compensation, the Defendants' engaged

in impermissible retaliation by asserting meritless counterclaims against Solis requesting payment of attorneys' fees.

28. At a minimum, the Defendants' efforts to recover attorneys' fees from Solis for failing to accept the Defendants' argument is, at best, futile. Additionally, the assertion of such counterclaims amounts to impermissible retaliation under the FLSA.

29. Therefore, Solis respectfully requests that the Court deny the Defendants' Motion for Leave to File Amended Answer and Counterclaim. Additionally, Solis requests that he be granted leave to file his Second Amended Complaint.

Respectfully submitted,

WARREN & SIUREK, L.L.P.

/S/ Mark Siurek
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond Avenue, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY IN CHARGE FOR PLAINTIFF

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed. ID# 13941
3334 Richmond Avenue, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with opposing counsel with regard to Plaintiff's Motion for Leave to File Second Amended Complaint who stated he was opposed to the motion.

/S/ Patricia Haylon

## CERTIFICATE OF DELIVERY

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response to Defendants' Motion for Leave to File Defendants' First Amended Answer and Counterclaim and Plaintiff's Opposed Motion for Leave to File Second Amended Complaint has been forwarded to the following by fax and/or by email properly addressed as follows on January 7, 2013:

Christopher M. Cammack
Attorney at Law
10900 Northwest Freeway, Suite 108
Houston, Texas 77092
713-960-1922 (fax)
cmcammack@pdq.net

/S/ Mark Siurek
Mark Siurek