THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OSCAR ELIBERTO SOLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12-cv-00785 |
| | § | (JURY) |
| TUBE-TEC BENDING, LLC, dba | § | |
| TUBE-TEC BENDING, AND | § | |
| MICHAEL W. POWERS, | § | |
| INDIVIDUALLY, | § | |
| | § | |
| Defendants. | § | COLLECTIVE ACTION |

## PLAINTIFF'S SECOND AMENDED ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY OF SUIT

1.  Defendant Tube-Tec Bending, LLC dba Tube-Tec Bending (the "Company") specializes in tube and pipe bending and fabrication and steel fabrication. Unfortunately, the Company failed to pay overtime compensation to Plaintiff Oscar Eliberto Solis ("Solis") who regularly worked overtime hours without proper compensation.

2.  Accordingly, Solis brings this action to recover unpaid overtime wages, liquidated damages, and attorneys' fees owed to him under the Fair Labor Standards Act, 29 U.S.C. Section 216(b) (2012) (the "FLSA"). Additionally, after the present lawsuit was filed, the Defendants asserted at least one impermissible counterclaim against Solis in retaliation for asserting his rights under the FLSA.

### JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction under 29 U.S.C. Section 216(b)(2012) and 28 U.S.C. Section 1331 (2012).

4.  Solis brings this complaint in the district in which he and the Company reside and where a substantial portion of the conduct charged herein occurred. Accordingly, venue is proper in this district pursuant to 28 U.S.C. Section 1391(b)(2012).

## THE PARTIES

5.  Solis, an individual residing in Houston, Texas, was employed with the Company within the meaning of the FLSA during the three-year period preceding the filing of this complaint. Solis worked in a non-exempt position for workweeks of more than forty (40) hours per week. In performing his duties, Solis engaged in commerce or in the production of goods for commerce.

6.  The Company, a Texas limited liability company, is an enterprise engaged in commerce within the meaning of the FLSA and has acted, directly or indirectly, in the interest of an employer with respect to Solis. The Company has filed an Answer with the Court.

7.  Michael W. Powers ("Powers"), a Company manager, member, officer and/or director, is an individual residing within this district who has engaged in commerce or the production of goods for commerce. Powers has acted, directly or indirectly, in the interest of an employer with respect to Solis and is personally liable for the Company's violations of the FLSA. Powers has filed an Answer with the Court.

8.  The "Members of the Class" are all current and former

non-exempt employees paid an hourly rate during the three-year period preceding the filing of this complaint. Like Solis, these individuals engaged in commerce or in the production of goods for commerce in performing their duties for the Company. These similarly situated persons are referred to as "Members of the Class" or the "Class."

## SOLIS' ALLEGATIONS

9. Solis worked in excess of forty (40) hours each workweek, however, Solis was not properly compensated for hours worked over forty (40) each workweek despite the fact that he was entitled to be paid time-and-a-half for all hours worked in excess of forty hours in a workweek. 29 U.S.C. Section 207(a)(2011). Instead, Solis was paid $400.00 a week regardless of the number of hours worked each week. The Company's practice of failing to pay Solis overtime compensation is a clear violation of the FLSA.

10. No exemption excuses the Company from paying Solis overtime rates for hours worked over forty (40). Nor has the Company made a good faith effort to comply with the FLSA. Instead, the Company knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice regarding overtime compensation with respect to Solis.

11. Powers has a substantial financial interest in the Company, and is directly involved in:

    a. the hiring and firing of the Company's employees;

    b.    the day-to-day operations of the Company as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by Company employees;

    c.    the Company's finances; and

    d.    corporate decisions.

12. Solis filed suit under the FLSA to recover his unpaid overtime compensation. In response, the Defendant Tube-Tec Bending, LLC asserted counterclaims against Solis in retaliation for his protected activity in violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

13. Other employees have been subjected to the Company's pay practices and policies which are in willful violation of the FLSA. The Company's other workers had similar schedules, worked similar hours, and were paid the same or in a similar manner.

14. The Members of the Class performed work similar in nature to that performed by Solis, i.e., bending and fabricating tube and steel products for an hourly rate. Accordingly, these employees are similarly situated to Solis in terms of their job duties.

15. Further, each Member of the Class was paid according to the same payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

16. The Company's failure to pay overtime rates for hours

worked over forty (40) per workweek as required by the FLSA results from a generally applicable policy and job requirements that do not depend on the personal circumstances of the Members of the Class. This generally applicable policy is specifically prohibited by the FLSA. Thus, Solis' experiences are typical of the experiences of the Members of the Class.

17. No justification exists for the Company's failure to pay the Members of the Class overtime compensation. Additionally, no exemption excuses the Company from paying the Members of the Class overtime pay for all hours worked over forty (40) per workweek. Further, the Company has failed to make a good faith effort to comply with the FLSA. As such, the Company knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding the manner in which the Members of the Class were compensated.

18. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> All current and former employees working for the Company bending and fabricating tube and steel products during the three-year period preceding the filing of this complaint.

### CAUSES OF ACTION
#### A. Violations of the FLSA - overtime

19. Solis incorporates all allegations contained in paragraphs 1 through 18.

20. The Company's practice of failing to pay Solis and the

Members of the Class for overtime hours worked at one and one-half times their appropriate regular rate was and is in violation of the FLSA.

21. Accordingly, Solis and the Members of the Class are entitled to unpaid wages and unpaid overtime pay in an amount which is one and one-half times their appropriate regular rates.

22. Additionally, Solis and the Members of the Class are entitled to an amount equal to all of their unpaid overtime wages as liquidated damages.

23. Additionally, Solis and the Members of the Class are entitled to reasonable attorneys' fees and costs of this action. 29 U.S.C. Section 216(b)(2012).

### B. Retaliation

24. Solis filed suit under the FLSA to recover his unpaid overtime compensation. In response, Defendant Tube-Tec Bending, LLC asserted counterclaims against Solis in retaliation for his protected activity.

25. In other words, the Defendant retaliated against Solis because of his complaint regarding the Defendants' failure to pay overtime compensation in violation of 29 U.S.C. Section 215(a)(3)(2012).

26. Further, the Defendants' conduct is wholly inconsistent with a good faith effort by the Defendants to comply with the FLSA. Instead, the Defendants knowingly, wilfully, or with reckless

disregard retaliated against Solis in violation of the FLSA. Therefore, Solis seeks compensatory damages, liquidated damages, and punitive damages in connection with the Defendants' retaliation. Finally, Solis is entitled reasonable attorneys' fees and costs of this action. 29 U.S.C. Section 216(b)(2012).

## PRAYER

WHEREFORE, Solis and the Members of the Class request that this Court award them judgment against Defendants Tube-Tec Bending, LLC dba Tube-Tec Bending and Michael W. Powers, Individually, jointly and severally, for the following:

    a.    damages for the full amount of their unpaid overtime compensation;

    b.    an amount equal to their unpaid overtime compensation as liquidated damages;

    c.    compensatory damages, liquidated damages, and punitive damages in connection with the Defendants' retaliation;

    d.    reasonable attorneys' fees, costs and expenses of this action;

    e.    pre-judgment interest and post-judgment interest at the highest rates allowable by law; and

    f.    such other and further relief as may be allowed by law.

Respectfully submitted,

/S/ Mark Siurek
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond Avenue, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
www.warrensiurek.com
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond Avenue, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
www.warrensiurek.com
thaylon@warrensiurek.com

CERTIFICATE OF DELIVERY

I hereby certify that a true and correct copy of the foregoing Plaintiff's Second Amended Original Collective Complaint has been forwarded to the following by fax and/or by email properly addressed as follows on January __, 2013:

Christopher M. Cammack
Attorney at Law
10900 Northwest Freeway, Suite 108
Houston, Texas 77092
cmcammack@pdq.net

/S/ Mark Siurek
Mark Siurek